**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                                     CRIMINAL ACTION NO.  3:21-00108

TIMOTHY LEE TAYLOR, JR.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Timothy Lee Taylor, Jr.'s Motion to Suppress, ECF No. 36, and Motion in Limine and for Disclosure of 404(b) Evidence, ECF No. 37. Defendant argues that any evidence obtained as a result of the traffic stop should be suppressed, as it constitutes a violation of his Fourth Amendment rights against unreasonable search and seizure. ECF No. 36. Defendant also seeks to exclude evidence of a suspected odor and bag of marijuana, as well as any alleged attempted bribery—he argues the former was the product of an unreasonable search and seizure, and that both forms of evidence would introduce unfair prejudice. ECF No. 37.

For the reasons below, the Court **DENIES** both the Motion to Suppress and the Motion in Limine. ECF Nos. 36, 37.

**BACKGROUND**

Defendant comes before this Court as a result of his indictment on July 28, 2021, in which he was charged with one count of prohibited possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a). Indictment, ECF No. 1. The indictment arose out of an incident in the early morning hours of July 4, 2020, in which Officer Evan Wilson, an officer with the Hurricane Police Department, observed Defendant operating a vehicle with an expired inspection sticker. Resp. of the United States to Def.'s Mot. to Suppress, ECF No. 39 at 1-2. According to testimony during the pretrial motions hearing on October 11,

-1-

2022, Defendant was travelling at approximately 60 miles per hour in the rightmost lane of a three-lane highway, and Officer Wilson was positioned in the median. Officer Wilson testified that he could tell the sticker was expired based on the color and the text written on it.[1]

Before initiating the traffic stop, Officer Wilson alleges he positioned his vehicle parallel to Defendant's to confirm the inspection sticker was expired. In the process, he claims he noticed Defendant reaching toward the floorboard of the vehicle. He also ran Defendant's license plate through dispatch. Though he later learned the registration was proper, CFS logs indicate that at the time of the stop, dispatch had told Officer Wilson there were no matching records for the vehicle on file. Gov. Ex. 1, ECF No. 46-1.

Upon initiating the traffic stop, Officer Wilson asked Defendant to exit the vehicle. As Defendant did so, Officer Wilson detected an odor of marijuana and observed a small bag of a leafy green substance in plain sight in the driver's side door handle. Officer Wilson testified that based on his knowledge and experience, he believed the bag contained marijuana. A subsequent search of the vehicle revealed another bag of marijuana under the driver's seat, a digital scale in the center console, a loaded Smith & Wesson 9mm pistol under the front passenger seat, multiple boxes of 5.56mm ammunition and a 100-round 5.56mm drum-style magazine in the trunk, and $3800. *Id.* at 2. During the course of the arrest, Defendant admitted he had been previously convicted of a felony.

Officer Wilson testified that he confiscated the $3800 and gave Defendant a notice of civil forfeiture. He did not arrest Defendant, even though he had found a firearm in the vehicle and

[1] At the pretrial motions hearing, there was some debate as to whether the inspection sticker was actually expired. Officers did not photograph the vehicle or the inspection sticker at the time of the traffic stop. However, evidence introduced during the pretrial motions hearing indicates Defendant only renewed his inspection on July 9, 2020, five days after the traffic stop. Def. Ex. 1, ECF No. 46-2.

Defendant admitted to being a convicted felon. Officer Wilson testified that he instead informed Defendant that Defendant was free to go, but that Officer Wilson would need to do further investigation, confirm the felony conviction, and then initiate the indictment process.

Defendant argues that, as a result of the traffic stop, he was subjected to an unlawful search and seizure in violation of his constitutional rights. ECF No. 36. Defendant similarly claims that any evidence of suspected marijuana was the result of an illegal search and seizure. ECF No. 37. Further, he alleges he has not been provided with any lab tests indicating it was a controlled substance, and any evidence regarding suspected marijuana or alleged attempted bribery would be unduly prejudicial. ECF No. 37.

The Government argues that the search of Defendant's vehicle was lawful, as the stop was precipitated by the expired inspection sticker and the search was permissible based on Officer Wilson's perception of an odor and bag of suspected marijuana. ECF No. 39 at 2-3. The Government notes it does not intend to introduce evidence regarding any alleged attempted bribery, nor it is it aware of or intend to introduce any evidence falling under Federal Rule of Evidence 404(b). While it does intend to introduce evidence of the odor and bag of suspected marijuana, the Government argues this evidence falls outside the purview of Rule 404(b) because it is intrinsically intertwined with the alleged offense.

**ANALYSIS**

Defendant's Fourth Amendment rights were not violated because the initial stop was justified, the officer lawfully requested that Defendant exit the vehicle, and the scope of the search was reasonably related to the circumstances justifying the interference. Insofar as the Motion to Suppress and Motion in Limine are premised on an unlawful search and seizure, they are denied.

Further, the Court concludes that evidence involving the odor and bag of suspected marijuana do not fall under the purview of Rule 404(b), as they are intrinsic to the alleged crime.

### A.  Motion to Suppress

Defendant argues the stop was unlawful at its inception because the inspection sticker was not expired and Officer Wilson did not have reason to order him out of the car—both of which indicate the traffic stop was initially motivated by racial animus. The Government denies a Fourth Amendment violation, arguing the stop was lawful because the officer initiated it after noticing the expired inspection sticker. It further contends that asking Defendant to exit the vehicle was permissible because an officer can ask individuals to step out of a vehicle during any lawful traffic stop.

Defendant's Fourth Amendment rights were not violated during the traffic stop, as the stop was objectively justified from its inception and Officer Wilson had authority to ask Defendant to exit the vehicle. To determine whether a traffic stop resulted in an unconstitutional search and seizure, courts inquire "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Rusher*, 966 F.2d 868, 875 (4th Cir. 1992) (quoting *United States v. Terry*, 392 U.S. 1, 20 (1968)). If the officer's action was not justified at the inception or if the search's scope extends beyond that which is reasonably related to its inception, anything seized as a result of the traffic stop is excluded as "fruit of the poisonous tree." *Id.*

The stop was justified at its inception. "A vehicle stop is permissible if the officer has probable cause to believe a traffic violation has occurred or has a reasonable suspicion of unlawful conduct, regardless of the officer's subjective motivations." *United States v. Behrens*, 581 F.

App'x. 277, 278 (4th Cir. 2014) (internal citations omitted). The Fourth Circuit has held that an expired inspection sticker constitutes a traffic violation such that it justifies stopping a vehicle. *Id.*

The Court finds that Officer Wilson testified credibly as to the traffic stop's lawful inception. While there were initially two lanes between the vehicles, Defendant was travelling at around 60 miles per hour, and the incident occurred at night, the Court notes that this portion of highway is well-lit and Officer Wilson could have plausibly seen the color of the inspection sticker from the median. Further, according to his testimony, Officer Wilson confirmed the inspection sticker had expired before initiating the stop, indicating the stop was motivated by the expired inspection sticker rather than any racial animus. Even if this were not the case, *Behrens* instructs that the Court need not inquire into any subjective motivations on Officer Wilson's part. So long as he had an objectively permissible reason to initiate the stop, that stop is lawful. Here, the expired inspection sticker provides sufficient justification for a lawful traffic stop.

Even sans the expired inspection sticker, the stop would have been justified. Officer Wilson observed Defendant's license plate in plain view, and based on the information he received from dispatch, had probable cause to believe that Defendant had committed a traffic violation by not registering his vehicle. It does not matter that Defendant's vehicle was in fact registered. "'[B]ecause sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment,' an officer's reasonable mistake of fact does not vitiate the Fourth Amendment validity of a traffic stop." *United States v. Davis*, No. 20-4315, 2022 WL 94529, at *1 (4th Cir. Jan. 10, 2022) (quoting *Hill v. California*, 401 U.S. 797, 804 (1971)). Dispatch (albeit mistakenly) informed Officer Wilson that the vehicle's registration was expired, so Officer Wilson's mistake of fact was also reasonable and the traffic stop was not without probable cause. Therefore, the traffic stop would have been justified at its inception based on the registration alone.

Officer Wilson was also justified in asking Defendant to exit the vehicle. "A police officer, 'as a matter of course,' may order the driver of a lawfully stopped car out of his vehicle." *United States v. Sakyi*, 160 F.3d 164, 167 (4th Cir. 1998) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 110 (1977)) (emphasis omitted). This is because the public interest in ensuring the safety of police officers, "both legitimate and weighty," *Mimms*, 434 U.S. at 110, outweighs the intrusion of requiring a driver to exit the vehicle, a de minimis, "petty indignity." *Id.* at 111.

As with the inception of the stop, Officer Wilson's subjective reasons for asking Defendant to exit the car are irrelevant. While Officer Wilson provided credible testimony that he often asks individuals to step out of their vehicle during traffic stops, this need not bear on the Court's analysis. Officer Wilson had the authority to ask Defendant to exit the vehicle as a matter of course, and during this stop, he chose to use that authority.

Finally, the search was reasonable in scope. The Fourth Circuit has held that law enforcement officers had probable cause to search a vehicle for illegal substances after detecting an odor of marijuana. *United States v. Strong*, 824 F. App'x 154 (4th Cir. 2020); *United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002). Here, Officer Wilson testified that based on his knowledge and experience, he detected marijuana—via the odor and the bag in the door handle—thereby justifying a search of the vehicle. Even assuming this was not true, the search and seizure would still be lawful based on the plain view and automobile exceptions to the Fourth Amendment's warrant requirement. *United States v. Runner*, 43 F.4th 417, 423 (holding a search of a vehicle was lawful where officers observed a pipe in plain view, even though they were initially responding to a tip about a woman "shooting up" in the vehicle); *United States v. Kelly*, 592 F.3d 586, 589 (4th Cir. 2009) (holding that where an officer had probable cause to believe a

vehicle contained contraband, he could search "every part of the vehicle and its contents that may conceal the object of the search" without a warrant).

At the pretrial motions hearing, Defendant made much of the fact that Officer Wilson confiscated the $3800 without arresting him on the scene. However, in the Court's view, this cuts against any alleged racial animus on Officer Wilson's part. Officer Wilson credibly testified that he did not arrest Defendant because he could not confirm that Defendant had been convicted of a felony. Rather than subject Defendant to potentially needless imprisonment, Officer Wilson chose to confirm the felony conviction before taking any further action. Nor were the funds stolen—Defendant has not alleged that Officer Wilson neglected to give verification of the civil forfeiture or otherwise sought to hide it. So long as Defendant can show these funds were confiscated, he can seek their return at a later date.

For these reasons, the Court **DENIES** the Motion to Suppress. ECF No. 36. The stop was justified at its inception by the expired inspection sticker, and Officer Wilson had authority to ask Defendant to exit the vehicle as a matter of course. Because Officer Wilson detected an odor and bag of suspected marijuana as Defendant exited the vehicle, the subsequent search was reasonable in scope and did not violate Defendant's Fourth Amendment rights.

### B.  Motion in Limine

Because the Government does not intend to introduce any evidence falling under Federal Rule of Evidence 404(b) or any evidence regarding the alleged attempted bribery, only the motion in limine regarding the odor and bag of suspected marijuana remains at issue. This evidence, however, is admissible, as it does not fall under the purview of inadmissible propensity evidence. Rule 404(b)(1) prohibits admitting evidence of another "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance

with the character." This rule only applies to extrinsic evidence—that is, evidence "separate from or unrelated to the charged offense." *United States v. Bush*, 944 F.3d 189, 195 (4th Cir. 2019).

Evidence involving acts intrinsic to the alleged crime do not fall under the purview of Rule 404(b). *Id*. at 195–96 (quoting *United States v. Chin*, 83 F.3d 83, 87–88 (4th Cir. 1996)). Intrinsic evidence arises "out of the same . . . series of transactions as the charged offense . . . or is necessary to complete the story of the crime on trial." *United States v. Brizuela*, 962 F.3d 784, 793-94 (4th Cir. 2020) (quoting *United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994)). The Court should conduct a case-by-case, fact-based analysis to determine whether uncharged conduct "completes the story" of charged conduct. *Id.* at 794.

Here, the evidence arises out of the same transaction as the charged offense. It occurred at the same time and place as the allegedly unlawful conduct by Defendant and is important in establishing that the search was not pretextual. It ultimately completes the story of the crime by explaining why officers had probable cause to search the vehicle, a search that resulted in the instant charge for being a felon in possession of a firearm.

Because evidence of suspected marijuana does not fall under the purview of Rule 404(b), the Court **DENIES** the Motion in Limine. ECF No. 37.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Suppress, ECF No. 36, and Motion in Limine and for Disclosure of 404(b) Evidence, ECF No. 37. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:       November 17, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE